

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2007

# Jackson v. Rohm Haas Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackson v. Rohm Haas Co" (2007). *2007 Decisions.* Paper 1572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1540

———

MARK JACKSON,
                    Appellant

v.

ROHM & HAAS COMPANY; MORGAN, LEWIS & BOCKIUS LLP;
CONRAD O'BRIEN GELLMAN & ROHN, P.C.; ROBERT VOGEL, Esquire;
CELIA JOSEPH, Esquire; ROYCE WARRICK, Esquire;
MICHAEL MCLAUGHLIN,  Esquire;
WAYNE DAVIS; DAVID GARTENBERG; ELLEN FRIEDEL, Esquire;
JANE GREENETZ; JAMES D. PAGLIARO, Esquire;
PAUL J. GRECO, Esquire; P. DAFFODIL TYMINSKI, Esquire;
ARETHA DELIGHT DAVIS, Esquire; NANCY GELLMAN, Esquire;
WILLIAM O'BRIEN, Esquire; KELLY G. HULLER, Esquire;
JUNE MCCRORY, JOHN DOE, Nos. 1-25

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 03-cv-05299
District Judge: Honorable Louis H. Pollak

———

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2007

Before: BARRY, ROTH, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

———

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

1

---

OPINION

---

IRENAS, *Senior United States District Judge.*

Appellant Mark Jackson appeals the District Court's decision dismissing his Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*.  We will affirm.

**I.**

Rohm and Haas (R&H) employed Jackson in 1992 as a C.P.A. in its Financial Reporting and Analysis Division.  On the night of June 26, 1998, Jackson and a co-worker, June McCrory, spent an evening together in which they had a sexual encounter that McCrory alleged was not consensual.  R&H conducted an investigation of the events when it was informed of the allegation.[1]

In 1999, Jackson filed two actions in the Pennsylvania Court of Common Pleas, claiming invasion of privacy, intentional infliction of emotional distress, and defamation arising out of the investigation.  Judge Colins consolidated the two actions and held a trial.  The jury returned a verdict in favor of Jackson for $150,000, finding that R&H was liable for invading Jackson's privacy.  The jury also found that McCrory defamed

---

[1] The parties dispute whether McCrory or a co-worker reported the incident to R&H's Human Resources Representative.

Jackson, but did not award damages on that claim. R&H moved for judgment not withstanding the verdict ("JNOV"), which the Court granted because it found that Jackson's claim of invasion of privacy was barred by the Pennsylvania Workers' Compensation Act ("WCA"), 77 Pa.C.S.A. § 1, *et seq.*[2] Jackson appealed to the Superior Court, which denied his appeal and subsequent petition for a rehearing *en banc*. The Pennsylvania Supreme Court denied his Petition for Allowance to Appeal.

On September 19, 2003, Jackson filed an action in the Eastern District of Pennsylvania.[3] In his Amended Complaint, Jackson averred that defendants made fraudulent representations to the state court, in violation of RICO and several state laws. The District Court dismissed Jackson's Amended Complaint in its entirety, holding that

---

[2] Pennsylvania's WCA bars suits against employers for work-related injuries. *Kline v. Arden H. Verner Co.,* 503 Pa. 251 (1983). Judge Colins found such injuries to include those sustained by Jackson due to the R&H investigation.

[3] On September 19, 2005, Jackson filed a second Complaint in the Eastern District of Pennsylvania ("Jackson II"), which was also assigned to Judge Pollak. In it, he complained that the defendants in this litigation ("Jackson I"), their lawyers, and Liberty Life, R&H's disability insurance administrator, engaged in wrongdoing during the litigation of Jackson I in the District Court. Jackson contended that all defendants in Jackson II, except Liberty Life, acted fraudulently by presenting the same documents produced in state court that he claimed were doctored. Additionally, he alleged that Liberty Life conspired with R&H to deprive him of disability benefits that were purportedly owed to him. Based upon these allegations, Jackson complained of RICO violations, as well as violations of state law. Because Judge Pollak found that his decision in Jackson I made it clear that Jackson lacked standing to bring a RICO claim, he sanctioned Johnson's attorney pursuant to Rule 11 for bringing unwarranted and frivolous RICO claims. The Court also imposed sanctions for the conspiracy allegations as being meritless and frivolous. Jackson then twice amended his Complaint to allege claims arising out of conduct connected to his receipt of disability benefits. These claims are currently pending before Judge Pollak.

Jackson lacked RICO standing, the only independent basis of federal jurisdiction, and refused to exercise supplemental jurisdiction over the remaining state law claims. It subsequently denied Jackson's reconsideration motion. This appeal followed.

## II.

This Court has jurisdiction to review the District Court's order dismissing the Amended Complaint pursuant to 28 U.S.C. § 1291. We review the dismissal of Jackson's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*. *Dobrek v. Phelan,* 419 F.3d 259, 263 (3d Cir. 2005)("the Court should affirm the District Court's dismissal only if it appears that the Plaintiff could prove no set of facts that would entitle him to relief."); *Mariana v. Fisher*, 338 F.3d 189, 195 (3d Cir. 2003), *cert denied,* 540 U.S. 1179 (2004). The District Court's denial of Jackson's motion for reconsideration is reviewed for abuse of discretion when based upon an issue of fact, and is reviewed for clear error when predicated on an issue of law. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995).

## III.

The first issue is whether Jackson stated a claim under RICO such that the District Court had an independent basis of jurisdiction over Jackson's claims. A plaintiff bringing a civil RICO claim must show that: (1) he suffered an injury to his business or property, and (2) the alleged injury was proximately caused by defendant's racketeering activity.

4

*Maio v. Aetna Inc.*, 221 F.3d 472, 483 (3d Cir. 2000).

Jackson's RICO claim is based upon his assertion that defendants conspired to commit fraud on the state court, and then again on the District Court, by using altered documents to support their position in the underlying invasion of privacy and defamation action.[4] He argues that such conduct caused the state court to grant defendant R&H's motion for JNOV, and because the judgment was fraudulently obtained, it is void.

The state trial court, however, expressly stated in granting defendant's motion for JNOV that its decision was premised upon the fact that Jackson's claims were barred by the Pennsylvania WCA and not on any documents submitted or actions taken by defendants in the course of the state court litigation. The Superior Court affirmed the order granting JNOV.

Because the state courts' decisions were not based upon the evidence presented at trial, but rather upon the WCA's coverage for any harm caused Jackson by the investigation, we hold that Jackson cannot show that his injury was proximately caused by any alleged racketeering activities.[5]

---

[4] In support of these contentions, Jackson makes assertions about defendants' conduct that are irrelevant and were already considered and rejected in the state court proceedings below, as well as by the District Court in Jackson I and Jackson II. Because they have no bearing on the legal questions before us, we decline to address them.

[5] Jackson also contends that RICO liability can be premised upon defendants' obstruction of justice stemming from the alleged fraud upon the state courts and submission of the state court record as exhibits to defendants' motion to dismiss in the District Court. This claim was not pled in Jackson's Amended Complaint, but was nevertheless argued before the District Court. Even were it pled, however, Jackson's

**IV.**

A motion for reconsideration should be made only to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

In his motion for reconsideration,[6] Jackson argued that there are two grounds for reconsidering the order dismissing the case: (1) the District Court misunderstood the character of the state court proceedings and the state court's decision to grant the JNOV, as well as the affirmation of that decision by the Superior Court; and (2) the District Court erred in failing to retain jurisdiction over the state law claims.

The District Court, in its opinion dismissing Jackson's Amended Complaint, clearly articulated the grounds for the state court decisions below, quoting directly from those decisions in explaining them. (JA 17). Judge Pollak ruled upon the motion to reconsider from the bench and found that the Court did not misapprehend the state court proceedings or determinations. (JA 658-60). Because we agree that there were no manifest errors of law or fact, and no new evidence was presented, we hold that the District Court did not abuse its discretion in denying Jackson's motion for reconsideration.

Jackson's second argument, that the District Court should have retained

---

claim fails because he cannot show proximate causation, and cannot circumvent this requirement by simply raising an additional theory of liability.

[6] The District Court permitted Jackson to file two amendments to his motion for reconsideration. Its ruling was based upon the arguments set forth in the second amended motion.

jurisdiction over the supplemental state law claims, is also unavailing. A District Court has the discretion whether to exercise supplemental jurisdiction over state law claims when no federal claims remain in the case. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction). *See also Queen City Pizza v. Domino's Pizza,* 124 F. 3d 430, 333 (3d Cir. 1997)(the decision to decline supplemental jurisdiction over a plaintiff's remaining state law claims "is committed to the sound discretion of the district court."). It was not clearly erroneous for the District Court to refuse to exercise supplemental jurisdiction over the state law claims, particularly where the sole federal claim is found to be wholly lacking in merit.

## V.

For the reasons set forth above, the judgments of the Eastern District of Pennsylvania dismissing the Amended Complaint and denying the motion for reconsideration will be affirmed.